IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
AUG 1 0 2005
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

WORLD WIDE TECHNOLOGY )
HOLDING CO., INC., a Missouri )
corporation, and )
WORLD WIDE TECHNOLOGY, INC., a )
Missouri corporation, )
)
     Plaintiffs, ) Cause No. 4 05CV01245HEA
)
vs. )
)
WORLDWIDE TECHNOLOGY )
DISTRIBUTORS, LLC, )
a limited liability company, )
)
     Defendant.

## COMPLAINT

COMES NOW Plaintiffs World Wide Technology Holding Co., Inc., and World Wide Technology, Inc. (collectively, "WWT"), and for their Complaint against Defendant WorldWide Technology Distributors LLC state as follows:

### The Parties

1.    Plaintiff World Wide Technology Holding Co., Inc., is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 127 Weldon Parkway, St. Louis, Missouri 63043.

2.    Plaintiff World Wide Technology, Inc. is a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 127 Weldon Parkway, St. Louis, Missouri 63043. World Wide Technology, Inc. is a wholly owned subsidiary of World Wide Technology Holding Co., Inc.

3. Hereinafter, plaintiffs World Wide Technology Holding Co., Inc. and World Wide Technology, Inc. will be referred to, collectively and/or individually, as "WWT."

4. Defendant WorldWide Technology Distributors LLC is a corporation organized and existing under the laws of the State of Michigan, and upon information and belief, having a principal place of business at 31901 Sherman Drive, Madison Heights, Michigan 48701.

### Jurisdiction and Venue

5. This is an action for trademark and service mark infringement, false designation of origin, and unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and trademark infringement, service mark infringement, and unfair competition under Missouri common law.

6. This Court has jurisdiction over this dispute pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338, and 1367, and principles of pendent jurisdiction. On information and belief, WorldWide Technology Distributors LLC is doing business in this judicial district, operates a website targeted to a national audience and accessible to individuals in this judicial district, has wrongfully infringed upon WWT's registered trademarks and service marks in this judicial district, and/or has committed unfair acts in this judicial district. Additionally, WorldWide Technology Distributors LLC, through its website, intentionally intends to trade on the goodwill of a Missouri corporation and cause injury to WWT in Missouri. This Court also has jurisdiction over this matter based upon 28 U.S.C. § 1332(a) in that diversity of citizenship exists between WWT and WorldWide Technology Distributors LLC and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred here, and because WWT is a

St. Louis corporation and has suffered injury in St. Louis. WorldWide Technology Distributors LLC has and continues to wrongfully infringe WWT's valuable and extremely well-known WORLD WIDE TECHNOLOGY, INC. trademarks and service marks in this judicial district and, further, WorldWide Technology Distributors LLC has committed unfair competition in this judicial district.

### Facts Common to All Counts

8. WWT is the owner of all right, title and interest in and to several marks for WORLD WIDE TECHNOLOGY INC., in connection with various high technology and telecommunications services and goods, including business-to-business provision of technology products and services. These marks include, *inter alia*, U.S. Service Mark Reg. No. 2,441,740, U.S. Service Mark Reg. No. 2, 310,317, and U.S. Trademark Reg. No. 2,354,388.

9. WWT, among other things, is a leading provider of business-to-business information technology and supply chain solutions to customers around the world. It has been in business since 1990.

10. For well over a decade, WWT has continuously provided business-to-business technology and supply chain solutions under and in connection with its valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks.

11. For well over a decade, WWT has expended, and continues to expend, a substantial amount of time, money, and effort promoting, marketing, and advertising its goods and services under and in connection with its valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks.

12. The WORLD WIDE TECHNOLOGY, INC. marks have long been and continue to be used by WWT and the relevant purchasing public to identify the source of origin of it's goods and services and, further, to distinguish WWT's goods and services from those products and

services offered by its competitors.

13. As a result of WWT's long and continuous use of WORLD WIDE TECHNOLOGY, INC., the marks have acquired substantial secondary meaning and consumers have come to strongly associate the WORLD WIDE TECHNOLOGY, INC. marks as the source of origin of WWT's high quality goods and services. The WORLD WIDE TECHNOLOGY, INC. marks are extremely valuable and have developed a substantial amount of goodwill.

14. WWT is the exclusive owner of all right, title and interest in and to United States Service Mark Reg. No. 2,441,740 for WORLD WIDE TECHNOLOGY, INC. for "telecommunications services, namely, providing telecommunications connections to a global network, and electronic transmission of messages, documents, and data," filed on March 5, 1998.

15. WWT is the exclusive owner of all right, title and interest in and to United States Service Mark Reg. No. 2,310,317 for WORLD WIDE TECHNOLOGY, INC. for "computer services, namely, providing search engines for obtaining data on a global computer network and an internal enterprise computer network; providing multiple-user access to a global computer network and an internal enterprise computer network for the transfer and dissemination of a wide range of information; computer hardware and software consulting services" filed on October 24, 1997.

16. WWT is the exclusive owner of all right, title and interest in and to United States Trademark Reg. No. 2,354,388 for WORLD WIDE TECHNOLOGY, INC. for "computer hardware and software, namely, hardware and software for document applications for document imaging, document conversion, document management; electronic commerce applications for enabling buying and selling over a global computer network featuring interactive catalogs, order management, on-line pricing, order fulfillment, promotions, search capability, order tracking and inventory access; business applications for project collaboration to control and coordinate business

processes using a global computer network, coordinating business processes associated with marketing, sales, contracting, quoting, order entry, and delivery using a global computer network, connecting organizations to customers, employees and suppliers using an internal computer network or a global computer network, managing accounts payable and documents featuring document scanning, invoice processing, browser-based document retrieval, and exception and approval processing; financial applications for financial planning, financial consolidations, expenditure management, billing and cash collection, cash management and asset management; human resource applications for recruitment, employee development, position management, total compensation, self-service access and time collection," filed on October 27, 1997.

17. Defendant WorldWide Technology Distributors LLC is a company that provides business-to-business resale and distribution of technology products in direct competition with WWT.

18. Apparently recognizing the great value of WWT's WORLD WIDE TECHNOLOGY, INC. marks and reputation in, among other things, the business-to-business technology provision and distribution industries, and desiring to benefit from and to "trade-upon" the great value of WWT's WORLD WIDE TECHNOLOGY, INC. marks, reputation, and the ongoing advertising conducted by WWT under and in connection with its WORLD WIDE TECHNOLOGY, INC. marks, on information and belief, WorldWide Technology Distributors LLC adopted and began using the confusingly similar mark WORLDWIDE TECHNOLOGY DISTRIBUTORS on and in connection with its advertising, marketing and promotions for business-to-business resale and distribution of technology goods and/or services in interstate commerce throughout the United States, including the State of Missouri.

19. Defendant WorldWide Technology Distributors LLC launched a website at

www.wwtds.com, a URL confusingly similar to that of WWT, whose website is located at www.wwt.com. Upon information and belief, WorldWide Technology Distributors LLC intentionally chose to us the URL www.wwtds.com to confuse the public and to trade off the name and goodwill associated with WWT's website and services.

20. Defendant WorldWide Technology Distributors LLC uses WORLDWIDE TECHNOLOGY DISTRIBUTORS on its website at www.wwtds.com on and in connection with, at least, the provision of business-to-business technology goods and/or services.

21. Upon information and belief, defendant WorldWide Technology Distributors LLC was aware of WWT's WORLD WIDE TECHNOLOGY, INC. marks at the time it chose to adopt and commence use of confusingly similar marks.

22. WorldWide Technology Distributors LLC is offering, providing, advertising, marketing, and promoting, among other things, sale and distribution of technology products and services that are directly competitive with WWT's services.

23. WorldWide Technology Distributors LLC markets, advertises, and promotes its goods and/or services on the internet and in the same channels of commerce and trade as WWT markets, advertises, and promotes its services and/or goods.

24. Upon information and belief, WorldWide Technology Distributors LLC markets, promotes and provides its goods and/or services under WORLDWIDE TECHNOLOGY DISTRIBUTORS to many of the same customers of WWT's WORLD WIDE TECHNOLOGY, INC. services.

25. WWT just recently became aware of WorldWide Technology Distributors LLC's wrongful use of confusingly similar variations of the WORLD WIDE TECHNOLOGY, INC. marks, and the actual confusion caused by such use.

26. WorldWide Technology Distributors LLC's use of marks confusingly similar to WWT's WORLD WIDE TECHNOLOGY, INC. marks has caused, will continue to cause, and/or is likely to cause consumers to be confused into believing that WWT: (a) is itself offering the goods, services, promotions, and the like, being advertised, marketed, and promoted by WorldWide Technology Distributors LLC under or in connection with WORLDWIDE TECHNOLOGY DISTRIBUTORS and/or confusingly similar variations thereof; (b) is affiliated, connected, or otherwise associated with WorldWide Technology Distributors LLC and/or WorldWide Technology Distributors LLC's advertising, marketing, and promotion of goods and/or services under or in connection with WorldWide Technology Distributors LLC TECHNOLOGY DISTRIBUTORS; and (c) is sponsoring, endorsing, administering, supervising, or is otherwise connected with WorldWide Technology Distributors LLC and/or WorldWide Technology Distributors LLC's advertising, marketing, and promotion of goods and/or services under or in connection with WORLDWIDE LLC TECHNOLOGY DISTRIBUTORS.

27. WorldWide Technology Distributors LLC will continue to use, cause confusion, and benefit and gain from its wrongful use of WORLDWIDE TECHNOLOGY DISTRIBUTORS marks unless preliminarily and permanently enjoined by this Court.

## COUNT I

### SERVICE MARK AND TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114(1))

28. WWT realleges and incorporates each and every allegation set forth in paragraphs 1 through 27 of the Complaint as if fully set forth and restated herein.

29. WWT is the owner of all right, title, and interest in and to its WORLD WIDE TECHNOLOGY, INC. marks, and all goodwill appurtenant thereto.

30. WorldWide has never requested or otherwise sought WWT's consent, authorization, or a license, to use plaintiff's WORLD WIDE TECHNOLOGY, INC. marks and/or any confusingly similar variations thereof.

31. Without license, consent, or other authorization, WorldWide Technology Distributors LLC adopted, began using, marketing, advertising, promoting, and selling its goods and/or services using a confusingly similar variation of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks.

32. The goods and/or services that WorldWide Technology Distributors LLC is marketing, advertising, promoting, and selling under or in connection with the confusingly similar variation of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks are marketed, advertised, and promoted to, and available in, the same channels of commerce and trade as the services marketed, advertised, promoted, and provided by WWT

33. The goods and/or services marketed, advertised, promoted, and sold by WorldWide Technology Distributors LLC are the same as, similar to, and/or competitive with, the services marketed, advertised, promoted, and sold by WWT under and/or in connection with its valuable WORLD WIDE TECHNOLOGY, INC. marks.

34. Upon information and belief, WorldWide Technology Distributors LLC adopted, used, and continues to use the confusingly similar variations of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks in an unlicensed, unconsented to, and otherwise unauthorized manner for the purpose of benefiting from and trading upon the goodwill enjoyed by WWT from its WORLD WIDE TECHNOLOGY, INC. marks.

35. WorldWide Technology Distributors LLC's actions and wrongful use of WWT's confusingly similar variation of WORLD WIDE TECHNOLOGY, INC. marks has caused and will

continue to cause the trade, consumers and the relevant purchasing public to be confused and to erroneously believe that WorldWide Technology Distributors LLC is either licensed by WWT to use their WORLD WIDE TECHNOLOGY, INC. marks and/or that WorldWide Technology Distributors LLC and/or its respective goods and/or services are otherwise associated with WWT.

36. Upon information and belief, WorldWide Technology Distributors LLC's actions have been committed with knowledge and intent to cause confusion, mistake, or deception.

37. WorldWide Technology Distributors LLC's actions constitute trademark and service mark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

38. The aforesaid acts of service mark infringement have caused and will continue to cause damage and irreparable harm to WWT and are likely to continue unabated, causing further damage and irreparable harm to WWT and the goodwill symbolized by and associated with its WORLD WIDE TECHNOLOGY, INC. marks unless enjoined and restrained by this Court.

39. WWT has no adequate remedy at law and will suffer irreparable injury if WorldWide Technology Distributors LLC is allowed to continue to wrongfully use confusingly similar variations of WWT's WORLD WIDE TECHNOLOGY, INC. marks.

### COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

40. WWT realleges and incorporates each and every allegation set forth in paragraphs 1 through 39 of the Complaint as if fully set forth and restated herein.

41. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of a confusingly similar variation of the WORLD WIDE TECHNOLOGY, INC. marks, on and in connection with its advertising, marketing, and promotion

of its goods and/or services, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such goods and/or services emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with, WWT.

42. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of the confusingly similar variations of the WORLD WIDE TECHNOLOGY, INC. marks, on and in connection its advertising, marketing, and promotion of its goods and/or services, constitutes a false description or representation tending to suggest to the relevant purchasing public that WWT is the source of origin of such goods and/or services.

43. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of confusingly similar variations of the WORLD WIDE TECHNOLOGY, INC. marks, has caused and is likely to continue to cause the trade, consumers and the relevant purchasing public to be confused and mistaken as to the source of origin of the goods and/or services being offered and provided by WorldWide Technology Distributors LLC and, further, to deceive the trade, customers and the relevant purchasing public as to whether WWT is affiliated with, connected with, associated with, and/or a sponsor of WorldWide Technology Distributors LLC's use of confusingly similar variations of WWT's distinctive, well-known and valuable WORLD WIDE TECHNOLOGY, INC. marks on and in connection with such goods and/or services.

44. By virtue of WorldWide Technology Distributors LLC's acts hereinabove described, WorldWide Technology Distributors LLC has committed and is continuing to commit acts of unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. WorldWide Technology Distributors LLC's aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to WWT, and are likely to continue unabated, thereby causing further damage and irreparable harm to WWT and to the valuable goodwill symbolized by and associated with its distinctive and well-known WORLD WIDE TECHNOLOGY, INC. marks unless enjoined and restrained by the Court.

46. WWT has no adequate remedy at law and will suffer irreparable injury if WorldWide Technology Distributors LLC is allowed to continue to wrongfully use WORLD WIDE TECHNOLOGY, INC. marks and/or any confusingly similar variations thereof.

## COUNT III

## TRADEMARK AND SERVICE MARK INFRINGEMENT UNDER COMMON LAW

47. WWT realleges and incorporates each and every allegation set forth in paragraphs 1 through 46 of the Complaint as if fully set forth and restated herein.

48. WWT is the owner of all right, title, and interest in and to its WORLD WIDE TECHNOLOGY, INC. marks, and all goodwill appurtenant thereto.

49. WorldWide Technology Distributors LLC has never requested or otherwise sought WWT's consent, authorization, or a license, to use WORLD WIDE TECHNOLOGY, INC. marks and/or any confusingly similar variations thereof.

50. Without license, consent, or other authorization, WorldWide Technology Distributors LLC adopted, began using, marketing, advertising, promoting, and selling its goods and/or services using confusingly similar variations of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks.

51. The goods and/or services that WorldWide Technology Distributors LLC is marketing, advertising, promoting, and selling under or in connection with confusingly similar

variations of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks and/or confusingly similar variations thereof, are marketed, advertised, and promoted to, and available in, the same channels of commerce and trade as the services marketed, advertised, promoted, and provided by WWT.

52. The goods and/or services marketed, advertised, promoted, and sold by WorldWide Technology Distributors LLC are the same as, similar to, and/or competitive with, the services marketed, advertised, promoted, and sold by WWT under and/or in connection with its valuable WORLD WIDE TECHNOLOGY, INC. marks.

53. Upon information and belief, WorldWide Technology Distributors LLC adopted, used, and continues to use confusingly similar variations of WWT's distinctive, valuable and well-known WORLD WIDE TECHNOLOGY, INC. marks in an unlicensed, unconsented to, and otherwise unauthorized manner for the purpose of benefiting from and trading upon the goodwill enjoyed by WWT from its WORLD WIDE TECHNOLOGY, INC. marks.

54. WorldWide Technology Distributors LLC's actions and wrongful use of confusingly similar variations of plaintiff's WORLD WIDE TECHNOLOGY, INC. marks, has caused and will continue to cause the trade, consumers and the relevant purchasing public to be confused and to erroneously believe that WorldWide Technology Distributors LLC is either licensed by WWT to use the marks and/or that WorldWide Technology Distributors LLC and/or its respective goods and/or services are otherwise associated with WWT.

55. Upon information and belief, WorldWide Technology Distributors LLC's actions have been committed with knowledge and intent to cause confusion, mistake, or deception.

56. WorldWide Technology Distributors LLC's actions constitute trademark and service mark infringement in violation of Missouri or other applicable common law.

57. The aforesaid acts of trademark and service mark infringement have caused and will continue to cause damage and irreparable harm to WWT and are likely to continue unabated, causing further damage and irreparable harm to WWT and the goodwill symbolized by and associated with its WORLD WIDE TECHNOLOGY, INC. marks unless enjoined and restrained by this Court.

58. WWT has no adequate remedy at law and will suffer irreparable injury if WorldWide Technology Distributors LLC is allowed to continue to wrongfully use confusingly similar variations of WORLD WIDE TECHNOLOGY, INC. marks.

COUNT IV

UNFAIR COMPETITION UNDER COMMON LAW

59. WWT realleges and incorporates each and every allegation set forth in paragraphs 1 through 58 of the Complaint as if fully set forth and restated herein.

60. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of confusingly similar variations of WWT's WORLD WIDE TECHNOLOGY, INC. marks on and in connection with its advertising, marketing, and promotion of its goods and/or services, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such goods and/or services emanate from, or are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with, WWT.

61. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of confusingly similar variations of WWT's WORLD WIDE TECHNOLOGY, INC. marks on and in connection its advertising, marketing, and promotion of its goods and/or services, constitutes a false description or representation tending to suggest to the

relevant purchasing public that WWT is the source of origin of such goods and/or services.

62. WorldWide Technology Distributors LLC's unlicensed, unconsented to, and otherwise unauthorized use of confusingly similar variations of WWT's WORLD WIDE TECHNOLOGY, INC. marks, has caused and is likely to continue to cause the trade, consumers and the relevant purchasing public to be confused and mistaken as to the source of origin of the goods and/or services being offered and provided by WorldWide Technology Distributors LLC and, further, to deceive the trade, customers and the relevant purchasing public as to whether WWT is affiliated with, connected with, associated with, and/or a sponsor of WorldWide Technology Distributors LLC's use of WWT's distinctive, well-known and valuable WORLD WIDE TECHNOLOGY, INC. marks on and in connection with such goods and/or services.

63. By virtue of WorldWide Technology Distributors LLC's acts hereinabove described, WorldWide Technology Distributors LLC has committed and is continuing to commit acts of unfair competition in violation of Missouri or other applicable common law.

64. WorldWide Technology Distributors LLC's aforesaid acts of unfair competition have caused and will continue to cause damage and irreparable harm to WWT, and are likely to continue unabated, thereby causing further damage and irreparable harm to WWT and to the valuable goodwill symbolized by and associated with its distinctive and extremely well-known WORLD WIDE TECHNOLOGY, INC. marks unless enjoined and restrained by the Court.

65. WWT has no adequate remedy at law and will suffer irreparable injury if WorldWide Technology Distributors LLC is allowed to continue to wrongfully use confusingly similar variations of WWT's WORLD WIDE TECHNOLOGY, INC. marks.

WHEREFORE, plaintiff World Wide Technology Holding, Co., Inc., respectfully requests that the Court enter judgment against defendant WorldWide Technology Distributors LLC Technology Distributors LLC, as follows:

(1) That the Court preliminarily and permanently enjoin WorldWide Technology Distributors LLC and/or its respective employees, partners, officers, directors, agents, representatives, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from doing business as WorldWide Technology Distributors LLC TECHNOLOGY DISTRIBUTORS and/or from otherwise using the WORLD WIDE TECHNOLOGY, INC. marks and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of such mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, or sale of WorldWide Technology Distributors LLC's services or goods; and from otherwise competing unfairly with WWT;

(2) That the Court order WorldWide Technology Distributors LLC to dismantle, take down, or otherwise cease operation of the website with the URL www.wwtds.com, or any similar variations thereof;

(3) That the Court order WorldWide Technology Distributors LLC to take remove, destroy and/or obliterate any and all, labels, signs, brochures, advertisements and other items in its possession, or under its control, upon which appear or reflect the WORLD WIDE TECHNOLOGY, INC. marks, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of WWT's WORLD WIDE TECHNOLOGY, INC. marks, either alone or in combination with any designation, and all plates, molds, matrices and other means of making the same;

(4)     That the Court order WorldWide Technology Distributors LLC to pay to WWT such damages as WWT has actually sustained:

    (a)     in consequence of WorldWide Technology Distributors LLC's infringement of and upon plaintiff's WORLD WIDE TECHNOLOGY, INC. marks;

    (b)     in consequence of WorldWide Technology Distributors LLC's false designations of origin;

    (c)     in consequence of WorldWide Technology Distributors LLC's false and misleading advertising and promotion;

    (d)     in consequence of WorldWide Technology Distributors LLC's misrepresentations; and

    (e)     as a consequence of WorldWide Technology Distributors LLC's actions of unfair competition.

(5)     That the Court order WorldWide Technology Distributors LLC to account for and pay to WWT all profits realized by WorldWide Technology Distributors LLC from its infringement of or upon WWT's WORLD WIDE TECHNOLOGY, INC. marks, its false designations of origin, its false and misleading advertising and promotion, its misrepresentations, and its acts of unfair competition;

(6)     That the Court find that the circumstances and actions of WorldWide Technology Distributors LLC's conduct were and are sufficient to merit an award of exemplary damages to WWT in the amount of three times the amount found as actual damages;

(7)     That the Court order WorldWide Technology Distributors LLC to pay WWT its costs and expenses incurred in and related to this action;

-16-

(8)    That the Court order WorldWide Technology Distributors LLC to pay to WWT's attorneys' fees; and

(9)    That the Court award such other and further relief as the Court deems just and proper under the circumstances.

                      Respectfully submitted,

                      **BRYAN CAVE LLP**

By:     *Robert T. Ebert, Jr.*
       Robert T. Ebert, Jr., # 3035
       David A. Roodman, # 5116
       Heather S. Crall, # 507907
       One Metropolitan Square
       211 North Broadway, Suite 3600
       St. Louis, Missouri 63102-2750
       Telephone: (314) 259-2000
       Facsimile: (314) 259-2020

ATTORNEYS FOR WORLD WIDE
TECHNOLOGY, INC.